UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JASON CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| CMH HOMES, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Jason Campbell ("Campbell"), by counsel, against Defendant, CMH Homes, Inc., ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

### II. PARTIES

2. Campbell is a resident of the United States and the State of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined 42 U.S.C. §2000e(b).

6. At all times relevant to this action, Campbell was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Campbell exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Campbell was hired by the Defendant on or about October 9, 2017. Most recently, he worked as the Assistant Manager/Sales Manager in the Evansville, Indiana and northern Kentucky area.

10. At all times relevant, Campbell met or exceeded Defendant's legitimate performance expectations. As recently as August 2021, Defendant was in talks to promote Campbell.

11. Despite being the Sales Manager, Campbell did not have supervisory authority over the two sales persons – Jill Sapp ("Sapp") and Latesha Martin ("Martin"). Rather, it was Joe Marksberry ("Marksberry"), the General Manager, who was responsible for disciplining, hiring and firing of the salespersons and Campbell.

12. Starting in late 2020 and continuing into 2021, Campbell routinely reported to Marksberry issues with Martin, as Martin made numerous comments about Campbell's gender, including telling Campbell that if a customer responded better to him, it was because "he had a penis and she had a vagina." Further, Martin regularly complained that he, or other males, were "mansplaining" things to her. Campbell was offended by these comments and reported them to Marksberry, who told him he would speak with Martin, but the comments continued.

13. Frustrated, Campbell spoke with Jerry Tackett, Regional VP, Zone 2, about his complaints regarding Martin's gender-based comments on or about July 28, 2021. Campbell indicated to Tackett that he was considering calling the Company's ethics hotline because his complaints had gone unresolved. Tackett told Campbell he did not need to do so.

14. Then, less than a month later, on August 25, 2021, Marksberry terminated Campbell's employment. The reason given for Campbell's termination was pretext for discrimination based on Campbell's gender and/or in retaliation for him engaging in a protected activity.

### V. LEGAL ALLEGATIONS

#### COUNT I – SEXUAL DISCRIMINATION

15. Paragraphs one (1) through fourteen (14) of Campbell's Complaint are hereby incorporated.

16. Defendant violated Campbell's rights and discriminated against his based on his sex by terminating his employment.

17. Defendant's actions were intentional, willful and in reckless disregard of Campbell's rights as protected by Title VII.

18. Campbell has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II – RETALIATION

19. Paragraphs one (1) through eighteen (18) of Campbell's Complaint are hereby incorporated.

20. Defendant violated Campbell's rights by retaliating against him for engaging in a protected activity.

21. Defendant's actions were intentional, willful and in reckless disregard of Campbell's rights as protected by Title VII.

22. Campbell has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jason Campbell, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

    Respectfully submitted

    /s/ Lauren E. Berger
    Lauren E. Berger, Atty. No. 29826-19
    BIESECKER DUTKANYCH & MACER, LLC
    411 Main Street
    Evansville, IN 47708
    Telephone:  (812) 424-1000
    Facsimile:  (812) 424-1005
    Email:  lberger@bdlegal.com

*Attorneys for Plaintiff, Jason Campbell*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Jason Campbell, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:  (812) 424-1000
Facsimile:  (812) 424-1005
Email:  lberger@bdlegal.com

*Attorneys for Plaintiff, Jason Campbell*